UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEVIN BROOKS,)
)
    Petitioner,) 3:01-cv-0236-ECR-VPC
)
vs.)
) **ORDER**
E.K. McDANIEL, *et al.*,)
)
    Respondents.)
)
_____)

        This is an action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 brought in 2001 by Kevin Brooks, in *pro se*. Before the Court is petitioner's Motion for Relief from Judgement (ECF No. 6) filed March 2, 2011, nearly ten years after the petition was dismissed. Respondents have opposed the motion and petitioner replied.

        Petitioner makes his motion for relief from the judgement pursuant to Fed. R. Civ. P. 60(b)(6). Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

1
2   Motions to reconsider are generally left to the discretion of the trial court.  *See Combs*
3   *v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987).  In order to succeed on a motion to
4   reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to
5   reverse its prior decision.  *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665
6   (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987).
7   The petition in this case was dismissed on June 13, 2001, as untimely, "having been
8   filed far outside the applicable statute of limitations," and because it was a "second or successive
9   petition" which was filed without the requisite leave of the Ninth Circuit Court of Appeals.  *See* ECF
10  No. 4, pp. 2 and 4.  The petition was dismissed without leave to amend.  *Id.*  However, the court did
11  direct the clerk to send to petitioner a set of forms for seeking permission to file a second or
12  successive petition.  *Id.*
13  Petitioner argues the dismissal in this case was based on a mistaken premise that his
14  original federal petition filed in case number CV-N-97-0457-ECR(PHA) was a dismissal based upon
15  procedural default which this Court considered to be a decision on the merits.  Petitioner argues the
16  dismissal was actually based on a lack of exhaustion of the state court remedies.  He further argues
17  that the instant case was actually his first federal petition "after exhausting his state court remedies"
18  which was entitled to a review on the merits.
19  Petitioner's arguments are belied by the record.  The Order adopting the Magistrate
20  Judge's Report and Recommendation, entered by the district court in CV-N-97-00457-ECR(PHA)
21  stated:

22  > [A]s the petitioner points out in his objections (#4) to the Report and
        Recommendation, filed June 29, his Petition should not be dismissed for
23  > failure to exhaust state remedies, as he would now be procedurally barred
        from seeking review of his federal claims in state court.  NRS §§ 34.726,
24  > 34.810.  The exhaustion requirement is considered satisfied <u>either</u> when
        the petitioner "has 'fairly presented' his federal clam to the highest state
25  > court . . " <u>or</u> when "no state remedy remains available."  <u>Johnson v. Zenon</u>,
        88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).
26
    > Unfortunately for the petitioner, however, even assuming that "no state

2

>   remedy remains available" – and that his claims are therefore "exhausted" – does not entitle him to relief. Otherwise unexhausted claims barred by a mandatory rule of state procedure may technically be "exhausted," but they are also procedurally barred. Procedurally defaulted claims are barred from federal review unless there is a showing of: (1) cause and prejudice, or (2) a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). The petitioner has not made such a showing; nor does it appear that such a showing could be made in this case.
>
>   * * *
>
>   Since the petitioner has not shown either that cause and prejudice existed for his procedural default, or that a fundamental miscarriage of justice will result if his procedural default is not overlooked, we must grant the respondents' motion to dismiss – although not, strictly speaking, for failure to exhaust state remedies.

Opposition to Motion for Relief From Judgment, Exhibit 8.

Petitioner also fails to adequately explain the ten year delay between dismissal of this case and this instant motion. He suggests that his unsuccessful attempt to obtain leave from the circuit court to file a second or successive petition and his subsequent petition for review from the United States Supreme Court somehow represents a diligent attempt to seek relief in this case. However, provides no evidence of the petition to the United States Supreme Court or of when that petition was denied. He does provide evidence that the motion for leave to file a second or successive petition was denied on August 20, 2001. *See* Appendix to Motion, Exhibit N.

Petitioner has failed to make an adequate showing under Rule 60(b)(6) of extraordinary circumstance which would warrant relief from the Court's judgment. The motion shall be denied. Any unstated attempt to use this motion to reanimate an appeal right should also prove unsuccessful as the Court will deny issuance of any Certificate of Appealability.

**V. Certificate of Appealability**

In order to proceed with an appeal from this court, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.* The Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S.

473, 484 (2000).

The Supreme Court further illuminated the standard for issuance of a certificate of appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The Court stated in that case:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Id.* at 1040 (quoting *Slack*, 529 U.S. at 484).

The court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appeal, and the court determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability. Accordingly, the court will deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the Motion for Relief from Judgement (ECF No. 9) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY AS TO THIS OR ANY PREVIOUS ORDER ENTERED IN THIS ACTION.**

Dated this 20th day of April, 2011.

_____
UNITED STATES DISTRICT JUDGE